# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DURELL EALY,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01136-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER FAILURE TO PROSECUTE AND FAILURE TO PAY FILING FEE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF No. 2)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Michael Durell Ealy ("Plaintiff"), who is incarcerated and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 1, 2023. (ECF No. 1.) Plaintiff also submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, where asked to state how much cash, assets, and other valuable property Plaintiff owns, Plaintiff answered "yes" he has such money, assets, and valuable property, but instead of describing it, Plaintiff only wrote "classified." (ECF No. 2 at 1-2.) On August 2, 2023, the Court ordered Plaintiff to either accurately fill out the application to proceed *in forma pauperis* or to pay the filing fee, within forty-five (45) days of entry of the order. (ECF No. 5.) Plaintiff has not filed

1 an accurate application nor paid the filing fee by the deadline to do so.

2   Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these 3 Rules or with any order of the Court may be grounds for imposition by the Court of any and all 4 sanctions . . . within the inherent power of the Court."  The Court has the inherent power to 5 control its docket and may, in the exercise of that power, impose sanctions where appropriate, 6 including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 7 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

8   A court may dismiss an action based on a party's failure to prosecute an action, failure to 9 obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 10 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 11 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended 12 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to 13 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. 14 United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply 15 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack 16 of prosecution and failure to comply with local rules).

17   In determining whether to dismiss an action for failure to comply with a pretrial order, 18 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the 19 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public 20 policy favoring disposition of cases on their merits; and (5) the availability of less drastic 21 sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 22 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 23 1986).  These factors guide a court in deciding what to do, and are not conditions that must be 24 met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability 25 Litigation, 460 F.3d at 1226.

26   In this instance the public's interest in expeditious resolution of the litigation and the 27 Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff has neither filed an 28 accurate application to proceed *in forma pauperis*, paid the filing fee, nor otherwise responded to

the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's August 2, 2023, order expressly stated: "**Failure to comply with this order will result in dismissal of this action.**" (ECF No. 5 (emphasis in original).)  The Court served the order by mail on August 2, 2023; however, it was returned as undeliverable because the document was refused. Pursuant to Local Rule 182(f), "service of documents at the prior address of the attorney or pro se party shall be fully effective."  Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order.  Further, Plaintiff may still file an application to proceed *in forma pauperis* during the objection period and the Court will consider the application.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to pay the filing fee or file an accurate application to proceed *in forma pauperis* in this action, failure to abide by the Court's order, and failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

(14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

   IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:   **September 20, 2023**

UNITED STATES MAGISTRATE JUDGE